1   GLOBAL CAPITAL LAW
    GARY HARRE, ESQ. (BAR NO. 86938)
2   Diane Beall (86877)
    8700 Warner Ave., Suite 200
3   Fountain Valley, CA 92708
    Telephone: (714) 907-4182
4   Fax: (714)-907-4175
    Email: ghcmecf@gmail.com

5

    Attorney for Debtor,
6          KIM TO TA

7

8           **UNITED STATES BANKRUPTCY COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**

9               **SANTA ANA DIVISION**

10

11

12   In re                   )    **CASE NO. 8:11-bk-10745-TA**
                      )
13          KIM TO TA,       )    **A.P. NO.** _____
                      )
14           Debtor       )    **CHAPTER 7**
                      )
15   _____)

16   KIM TO TA, an Individual    )    **COMPLAINT TO DETERMINE THE**
                      )    **NATURE, EXTENT AND VALIDITY**
17           Plaintiff,      )    **OF LIEN AND TO DISALLOW**
                      )    **SECURED CLAIM, TILA VIOLATION,**
18   -vs.-                )    **CANCEL TRUSTEE DEED, FDCPA**
                      )    **VIOLATIONS, WRONGFUL TRUSTEE**
19   U.S. BANK NATIONAL ASSOCIATION,  )    **SALE, QUIET TITLE, AND FOR**
    AS SUCCESSOR TRUSTEE TO BANK   )    **DAMAGES.**
20   OF AMERICA, NATIONAL       )
    ASSOCIATION, 9SUCCESSOR BY    )
21   MERGER TO LASALLE BANK      )
    NATIONAL ASSOCIATION) AS     )
22   TRUSTEE FOR MORGAN STANLEY   )
    TRUST 2007-8XS; NDEX WEST, LLC;  )
23   and all persons claiming by, through,  )
    or under such person, all persons    )
24   unknown, claiming any legal or     )
    equitable right, title, estate, lien, or  )
25   interest in the property described in   )
    the complaint adverse to Plaintiff's title )
26   thereto; and DOES 1-100, Inclusive;  )
                      )
27             Defendant.    )
                      )
28                       )

COMES NOW debtor and plaintiff, KIM TO TA herein, ("Plaintiff" or "TA"), by and through her counsel files this complaint to address the deception and fraudulent conveyance of the beneficial interest in her Personal Property into MORGAN STANLEY MORTGAGE LOAN TRUST 2007-8XS (hereinafter "MS TRUST"). Defendants and their Attorneys of record have committed fraud upon the Court and Plaintiff. Therefore Plaintiff, by and through her counsel respectfully alleges the following:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.     This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b).

3.     Venue is proper pursuant to 28 U.S.C. §1409.

4.     This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

5.     On or about April 7, 2011, the Trustee filed a Notice of Trustee's Abandonment (Doc 25) [11 U.S.C. section 554 (a)].

6.     To date, no objections have been filed and the property is considered abandoned thus allowing Plaintiff to pursue her claims.

## PARTIES

7.     Plaintiff is an individual, and debtor of the above captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on or about January 18, 2011 ("the

1   Bankruptcy Case").

2       8.     Plaintiff is and at all times mentioned herein the owner of real

3   property located at 10231 Kenmore Street, Anaheim, California (hereinafter

4   referred to as "SUBJECT PROPERTY") and more particularly described as:

5

6   **LOT 70, OF TRACT NO. 3104, IN THE CITY OF STANTON,
    COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP**

7   **RECORDED IN BOOK 92, PAGE(S) 46 AND 47, OF
    MISCELLENEOUS MAPS, IN THE OFFICE OF THE COUNTY**

8   **RECORDER OF SAID COUNTY. PARCEL NUMBER: 126-345-12.**

9       9.     Reunion Mortgage Inc., (hereinafter "Reunion"), a California

10  Corporation located at 400 North Tustin Avenue, Suite 350, Santa Ana,

11  California is the original lender on document entitled Deed of Trust (hereinafter

12  "DOT") dated November 24, 2007 as **Orange County Instrument**

13  **2006000815835**. See Exhibit 1 to the attached Exhibit A.

14      10.    According to the DOT, Ticor Title Company is the original Trustee of

15  the DOT.

16      11.    According to the DOT, "Mortgage Electronic Registration Systems,

17  Inc." (hereinafter, "MERS") is acting solely as a nominee for Lender and Lender's

18  successors and assigns.  MERS is the beneficiary and is organized and existing

19  under the laws of the state of Delaware, and has an address at:   PO Box 2026

20  Flint, Michigan 48501- 2026.

21      12.    Morgan Stanley Capital I Inc., a Delaware corporation having its

22  principal place of business 1585 Broadway, New York, New York 10036 served as

23  the Depositor for "Morgan Stanley Mortgage Loan Trust 2007-8XS" (hereinafter

24  "Depositor").  The depositor is not a member of MERS.

25      13.    Morgan Stanley Mortgage Loan Trust 2007-8XS (hereinafter "MS

26  Trust") is a New York Trust created by the Depositor of Morgan Stanley Mortgage

27  Loan Trust 2007-8XS, formed by the Pooling and Servicing Agreement

28  (hereinafter "PSA") filed with the Securities and Exchange Commission

(hereinafter "SEC").

14.    LaSalle Bank National Association, a National Banking Association, organized under the laws of the United States served as the original Trustee of the MS TRUST and was the custodian of the Mortgage Files (hereinafter "loan level files").

15.    Plaintiff is informed and believes that Defendant U.S. Bank National Association, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association the original Trustee For Morgan Stanley Trust 2007-8XS (hereinafter "US Bank") and is a trust corporation, doing business in the State of California.

16.    Wells Fargo Bank N.A., a National Banking Association, doing business as the purported Master Servicer and party to the PSA, located at 9062 Old Annapolis Road, Columbia, Maryland 21045.

17.    Defendant NDEX WEST, LLC (hereinafter referred to as "NDEX") is at all times a corporation conducting business in the State of California at 15000 Surveyor Boulevard, Suite 500, Addison, Texas.

18.    China Brown is the alleged Vice President of Loan Documents for Wells Fargo Bank NA, attorney in fact for US Bank National Association, as successor Trustee to Bank of American NA successor by merger to LaSalle Bank NA as Trustee for Morgan Stanley Loan Trust 2007-8XS and signed the Substitution of Trustee on May 1, 2009 purportedly replacing Ticor Title Company with NDEX WEST LLC at a time when it was not the beneficiary of the Deed of Trust and without authority.

19.    The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown

defendants") are unknown to Plaintiff. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

20.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 150, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

21.    Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff title and their claims, and each of them, constitute a cloud on Plaintiff title to that property.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.    Plaintiff refinanced the subject property as part of her marriage dissolution on November 24, 2006 with Reunion Mortgage Inc. ("Reunion") such transaction included a purported promissory note ('hereinafter "Note") in favor of a "Reunion" and a purported deed of trust (hereinafter "DOT") as **Orange County Instrument 2006000815835.**

23.    On or about April 2, 2009 NDEX purportedly acting as an agent of the beneficiary, filed the notice of default as Orange County **Instrument No. 2009-000162918.** NDEX would be the Agent for MERS as nominee for Reunion Mortgage Inc. according to the land title records.

24.    On **May 1, 2009** Wells Fargo Bank NA, representing in the land title records to be acting as the attorney in fact, for US Bank as Trustee of the MS Trust, and purports to substitute NDEX as Trustee of the original DOT as **Orange County Instrument No. 2009-256102.**

25.    On **May 12, 2009** Mortgage Electronic Registrations Systems Inc

as Nominee for Reunion Mortgage, Inc assigned the Deed Of Trust to US Bank as Trustee of the MS Trust as **Orange County Instrument No. 2009-247269.**

26.    Plaintiff therefore alleges and believes that on May 1, 2009 NDEX was not or could not be  substituted in as the Substitute Trustee as US Bank as Trustee of the MS Trust **was not the beneficial owner with the power to substitute**.

27.    This Substitution of Trustee was represented to be signed in the State of South Carolina by known robo-signer China Brown.[1]

28.    Plaintiff informed and therefore alleges that at all times relevant, NDEX lacked authority to record the Notice of Trustee Sale, or to conduct the Trustee Sale or record a Trustee Deed upon Sale.

29.    Plaintiff therefore alleges and believes that the purported assignment of the Deed of Trust on May 12, 2009 purported to be signed by **David Seybold, Assistant Secretary of MERS,** acting as the nominee for Reunion Mortgage Inc.

30.    Upon information and belief **David Seybold was not or could not be Assistant Secretary of MERS acting a nominee for Reunion, as he is an**

---

[1] China Brown has been employed for many years in the Ft. Mill, SC offices of America's Servicing Company, a division of Wells Fargo Bank, N.A. She signed many different job titles on mortgage-related documents, often using different titles on the same day. She often signs as an officer of MERS ("Mortgage Electronic Registration Systems, Inc.") On many Mortgage Assignments signed by China Brown, Wells Fargo, or the trust serviced by ASC, is shown as acquiring the mortgage weeks or even months AFTER the foreclosure action is filed. Titles attributed to China Brown include the following:
Assistant Secretary, MERS, as Nominee for 1st Continental Mortgage Corporation;
Assistant Secretary, MERS, as Nominee for American Brokers Conduit;
Assistant Secretary, MERS, as Nominee for American Financial Resources, Inc.;
Assistant Secretary, MERS, as Nominee for Amtrust Bank;
Assistant Secretary, MERS, as Nominee for DSKL Ent. dba Mort. Masters of the Treasure Coast;
Assistant Secretary, MERS, as Nominee for First Magnus Financial Corp., an Arizona Corp.;
Assistant Secretary, MERS, as Nominee for Guaranty Bank;
Assistant Secretary, MERS, as Nominee for Impac Funding Corporation;
Assistant Secretary, MERS, as Nominee for Ivanhoe Financial, Inc., a Delaware Corp.;
Assistant Secretary, MERS, as Nominee for Lenders Direct Capital Corp.;
Assistant Secretary, MERS, as Nominee for RBC Mortgage Company;
Assistant Secretary, MERS, as Nominee for Shelter Mortgage Company, LLC; and
Vice President of Loan Documentation, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, by Wells Fargo Bank, N.A., as Attorney-in-Fact.

**attorney working for NDEX in the Texas office of debt collector NDEX** and

that such assignment is a fraud and is void.

31.    Plaintiff alleges that NDEX acting as an agent of the beneficiary

MERS as nominee for Reunion Mortgage Inc, and then assigning as the Assistant

Vice President of MERS the Deed of Trust to US Bank is not credible and is a

fraud upon the Plaintiff and this court.

32.    Plaintiff therefore alleges and believes that using an attorney working

for NDEX representing himself as agent of MERS, while assigning the Deed of

Trust as a Vice President of MERS, and assigning documents to make NDEX a

substituted Trustee while serving as a Debt Collector is violation of the Fair Debt

Collection Practice Act (hereinafter "FDCPA").

33.    Plaintiff alleges and believes that without proper authority or

assignments U.S. Bank as Trustee for this MS Trust, made a credit bid at the

Trustee Sale conducted by NDEX and recorded as The Trustees Deed Upon Sale,

**Orange County Instrument No. 2010000409632.**

34.    Upon information and belief Plaintiff alleges that US Bank never

owned the note, was not the Lender, and was without power to substitute NDEX

as Trustee of the Deed of Trust [with the power of sale] on May 1, 2009.

35.    Plaintiff is informed and believes that the deed of trust purported to

be assigned by Mortgage Electronic Registrations Systems Inc. ("MERS") to US

Bank was done at a time when MERS was not authorized to do business in

California, and was acting as a Foreign Corporation without privilege.

36.    Upon information and belief that under governing California Laws,

the Deeds of Trust (hereinafter "DOT") are security for performance of obligations

specific and cannot be transferred or assigned independently of the underlying

obligations.

37.    It is alleged and therefore believed that Plaintiff has never been

advised of any transfer or assignment of the actual loan and as such a transfer the DOT without the note accompanying it is an improper transfer that conveys no meaningful rights.

38.    It is alleged and therefore believed that US Bank became the owner of the property as a result of the Trustee Deed upon Sale being wrongfully executed by NDEX.

39.    It is believed and therefore alleged that a mortgage loan assigned by MERS as nominee is at most, an unsecured debt and the only parties entitled to collect on the unsecured debt would be the holders in due course and beneficial owners of the original Promissory Note.

40.    It is believed and therefore alleged that US Bank represented itself as Trustee of the MS "Trust" coming to Court is actually Mortgage Back Security Trust ("MBS"), signed and registered under oath with the Security Exchange Commission ("SEC") with documents including the Pooling and Servicing Agreement ("PSA"), and with the Internal Revenue Service ("IRS"), as mortgage asset "pass-through" entities wherein they can never own the mortgage loan assets in the MBS and as such allows them to qualify as a Real Estate Mortgage Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT"). ("As long as MBS is a qualified REMIC, no income tax will be charged to the MBS.).

41.    Upon information and belief that US Bank as "Trustee" to comply with the registrations filed with the SEC using the governing New York Trust Laws as outlined in the PSA [2] must have the mortgages recorded in the investors name as the beneficiaries of the MBS in the year 2007.

42.    Upon information and belief every Deed of Trust along with the Note in the MS Trust from Orange County should have been publicly recorded in

---

[2] See Request for Judicial Notice #1, Pooling and Servicing Agreement

Orange County in the name of "Morgan Stanley Loan Trust 2007-8XS" and such mortgage would have had been publicly recorded in the year 2007.

43.    It is alleged and therefore believed that Plaintiff's assignment of DOT along with the note did not comply with the New York Trust Laws which govern the PSA for this MS Trust.

44.    Upon information and belief the MS Trust was never registered in California as a Trust.

45.    Upon information and belief the promissory note was never obtained as required by the IRS, and attested by all parties to the PSA as outlined in the Section 2 Conveyance of the Mortgage loans as filed with SEC.

46.    It is believed and therefore alleged that the PSA conveyance of Mortgage Loans Section 2 requires loans to be conveyed into the trust to allow the tax avoidance.

47.    Upon information and belief that the strict interpretation of the New York Trust Laws for the conveyances of the Deed of Trust along with the note and that Plaintiff's Deed of Trust along with the Note was not properly conveyed and thus is void.

48.    Upon information and belief, that any foreclosing beneficiary purportedly having credit bid, produces a copy of a note, or even an alleged original note the Deed of Trust would not secure such note.

49.    Upon information and belief Plaintiff's Deed of Trust along with the Note was not conveyed into the trust under the requirements of the PSA or the cumbersome REMIC requirements set forth by the IRS.

50.    Upon information and belief Plaintiff therefore alleges that the required MS Trust asset, or any part thereof (mortgage note or security interest), would not have been legally transferred to the trust to allow the trust to ever even be considered a "holder" of a mortgage loan and as such Plaintiff's asset was not

or could not have been assigned as required by the strict laws of New York or to be compliant with the SEC filings or representations to the IRS.

51.    It is believed and therefore alleged that the Trustee of the "MS Trust" or the "Servicer" working under the PSA, would never be entitled to bring a foreclosure and never have standing or be a real party in interest with the power of sale of the Plaintiff's property.

52.    It is alleged that the transfer by assignment of mortgage loans into the MS Trust in which US Bank is the Trustee 1.5 years after the "cut-off date" (in this case 2007), may impair the trust's REMIC tax exempt status, and such an act would be a prohibited transaction.

53.    It is alleged that any assignment of substitution of any Deed of Trust along with the note 90 days after closing of MS Trust any would require a letter Opinion from Counsel stating that the IRS status would not be affected.  No transfer may occur after 540 days.

54.    It is alleged that any assignment or substitution of any Deed of Trust along with the note 720 days after the closing of the trust may not occur in any circumstances.

55.    It is alleged that subsequent to the "cut off date" listed in the PSA, whereby the mortgage notes and security for these notes had to be identified, and the Note and Mortgages transferred.

56.    It is alleged and believed that Pursuant to SEC filing, the "cut-off date" for this trust was May 1, 2007 and "closing date" was May 31, 2007.

57.    It is believed and therefore alleged that the lack of acquisition of Plaintiff mortgage loan violates the PSA and any violation under the strict New York Law oversight would be a void transaction.

58.    Plaintiff alleges she signed a purported Promissory Note and Deed of Trust, and she unknowingly converted her property into a purported asset of MS

Trust as fraudulent presented by US Bank and NDEX.

59.     Plaintiff alleges and believes she was never informed of the nature of the scheme and was deliberately induced into signing a Negotiable Instrument which was never intended as such, but as intended as collateral for .this purported MS Trust.

60.     Upon information and belief this loan was meant to fund this MS Trust and was a "Material Disclosure" which was deliberately and intentionally undisclosed.

61.     It is alleged and believed that failure to disclose the identity of the true lender at closing was also a "Material Disclosure"; the nature of which would make the contract voidable under California contract law.

62.     Upon information and belief the SEC filing for the MS Trust, includes a Pooling and Servicing Agreement ("PSA") and the only purpose for the PSA is for the administration and distribution of funds to the investors.

63.     Upon information and belief the obligation of the Trustee is administering the MBS, and the investors who put up money for the MBS (and who received the MBS certificates or Bonds), are not parties to the PSA.

64.     Upon information and belief the PSA merely sets forth what happens after the mortgage is bundled together. However, the PSA also sets forth a Cut Off Date, which is the date on which all mortgage loans in the MS Trust must be identified and the required list of mortgage loans that are part of the security offering.

65.     Upon information and belief from the PSA the MS Trust had a Closing Date, which is the date that the individual identified mortgages were to be transferred by for the benefit of the investors.

66.     Upon information and belief the Trustee of the MS Trust must certify that for each mortgage loan, it has possession of the original Promissory Note, all

original endorsements and assignments transferring the Note and proof that the ownership of the Note has been transferred for the benefit of the investors.

67.   It is believed and therefore alleged that proof of the ownership of a Deed of Trust ("DOT") is required by a public recording of the Mortgage or Assignment of the mortgage itself.

68.   It is believed and therefore alleged that the Plaintiff's mortgage was never part of the MS Trust as US Bank represented to the Court because assignment of mortgage loan into the trust did not allegedly occur until the assignment done by NDEX Attorney David Seybold in Addison, Texas on May 12, 2009 as the Vice President of MERS as nominee for Reunion.

69.   Plaintiff is informed and therefore alleges that the Depositor of the MS Trust was not a MERS member and could not assign its interest in the Deed of Trust along with the note going into the MS Trust by using MERS as its nominee.

70.   Upon information and belief the purported execution of an assignment by MERS as the nominee for Reunion signed by an attorney working for the collection firm NDEX and as the Vice President of MERS as nominee for Reunion is a fraud upon the Plaintiff and violates the Fair Debt Collection Practice Act.

71.   Upon information and belief the Assignment by the Attorney for NDEX to US Bank occurred when NDEX had been allegedly substituted in as the Deed of Trust trustee, and such abusive act is excluded from the normal non-monetary status sections of California Civil Code 2924.

72.   It is believed and therefore alleged that US Bank, claims to be acting on behalf of the MS Trust and claims that it has acquired Plaintiff's property from by way of a credit bid is not possible as the Trustee Sale was conducted by NDEX who was not lawfully substituted to act.

73.    It is believed and therefore alleged that US Bank was fraudulently permitted to make credit bid by NDEX acting as a Substituted Trustee without proper authority.

74.    Upon information and belief the multiple transfers of title of the Plaintiff's property between the originator and the various and multiple parties without land title record assignments cannot be simply ignored as it can never be proved or shown to the Court that it happened under California Law.

75.    It is believed and therefore alleged that the Chain of Deed of Trust ("DOT") assignments is broken as US Bank was never the mortgagee of record under a Mortgage Assignment as required under the PSA, and land title records.

76.    Upon information and belief, the DOT was bifurcated from the underlying note which would render the note valid, but unsecured.

77.    It is believed and therefore alleged that the Note and Mortgage were bifurcated when the deed of trust was fraudulently held by MERS as nominee for Reunion without any transfer as required between Reunion , to the Sponser and Seller of the Trust and then to the Depositor who was not a MERS member.

78.    Upon information and belief MERS never loaned any money to the Plaintiff.

79.    It is alleged that MERS was never a beneficiary under the Note.

80.    It is alleged that MERS purportedly held the Mortgage as "nominee", and as of yet has not assigned the DOT on the land title records as the Attorney for NDEX is not properly acting as a Vice President of MERS and an Attorney that is the Debt Collector.

81.    It is alleged that the assignment of the Deed of Trust from MERS is a legal nullity as the note was allegedly assigned separately.

82.    It is alleged MERS never had an interest in this fraudulently conveyed mortgage and Note.

83.    It is alleged and believed that the property was purportedly sold and there was no valid DOT allowing such an act to occur.

**FIRST CLAIM FOR RELIEF**
**[Declaratory Relief to Determine an Interest in Property]**
**[F.R.B.P 7001(2) and 7001(9)]**

84.    Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 83, inclusive, as though set forth at length herein.

85.    Plaintiff alleges that she holds an interest in the Property free and clear of any interest of Defendants, in that the Trustee Deed Upon Sale wrongfully conducted by NDEX and Recorded as Orange County Instrument No. 2010000409632 and such is null and void.

86.    Plaintiff is informed and believes that Defendant alleges that the Trustee Deed Upon Sale cannot be determined to be null and void because it is was the beneficiary under the deed of trust and permitted to present credit bid.

87.    Plaintiff is informed and believes and thereon alleges that Defendants dispute the contentions alleged.

88.    An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

89.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

**SECOND CLAIM FOR RELIEF**
**[Declaratory Relief to Determine Status of US Bank Claim]**
**[11 U.S.C. § 506 and F.R.B.P 7001]**

90.    Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 89, inclusive, as though set forth at length herein.

91.    Plaintiff alleges that the lien evidenced by the Reunion Deed of Trust

has no value since it is wholly unsecured, that US Bank's claim through Trustee Deed upon Sale is null and void.

92.    Plaintiff is informed and believes that Defendant allege that the Trustee Deed Upon Sale cannot be determined to be null and void because it is was the beneficiary under the deed of trust and permitted to present credit bid.

93.    Plaintiff is informed and believes and thereon alleges that US Bank disputes the contention alleged.

94.    An actual controversy exists between Plaintiff and US Bank with regard to the status of US Bank's claim through Trustee Deed upon Sale.

95.    It is necessary that this Court declare the actual rights and obligations of the parties and makes a determination as to whether US Bank's claim in Trustee Deed null and void.

### THIRD CLAIM FOR RELIEF
### [As to Defendant US Bank]
### [TILA Violation]

96.    Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 95, inclusive, as though set forth at length herein.

97.    In May 2009, "The Helping Families Save Their Homes Act of 2009" (TILA) was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to TILA liability.

98.    15 U.S.C. § 1641 was amended by adding at the end the following:

*"(g) NOTICE OF NEW CREDITOR.-*

*(1) In General.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of*

1  such transfer, including-

2      (A) The Identity, address, telephone number of the new creditor;

3      (B) The date of transfer;

4      (C) How to reach an agent or party having authority to act on behalf

5  of the new creditor;

6      (D) The location of the place where transfer of ownership of the debt

7  is recorded; and

8      (E) Any other relevant information regarding the new creditor.

9

10      99.    From the record, it appears that US Bank became the new owner or

11  assignee on May 12, 2009.

12      100.   To date, Plaintiff have not received any notice as required by 15

13  U.S.C. § 1641(g).

14                     **FOURTH CLAIM FOR RELIEF**
                       **[As to Defendant US Bank]**
15                  **[Cancellation of Trustee Deed]**

16      101.   Plaintiff re-alleges and incorporates the allegations contained in

17  paragraphs 1 through 100, inclusive, as though set forth at length herein.

18      102.   Attached as Exhibit A is the full land title records submitted for

19  Request for Judicial Notice (RJN) by Defendant NDEX including:

20

21      1) Deed of Trust Exhibit #1, Page 1,

       2) Assignment of Deed of Trust Exhibit #2,  Page 15,
22
       3) Substitution of Trustee Exhibit #3, Page 16,
23
       4) Notice of Default Exhibit #4, Page 18,
24
       5) Notice of Sale Exhibit  #5, Page 22, and
25
       6) Trustee's Deed upon Sale Exhibit #6, Page 24.
26

27      103.   NDEX was not properly substituted in as a trustee therefore, upon

28  information and belief the Notice of Sale was improperly noticed by NDEX.

104. Thereafter the Trustee's Deed upon Sale was wrongfully conducted and signed by NDEX, and recorded with Orange County Recorder.

105. Said deed must be cancelled since it falsely notifies the world that Plaintiff no longer have an interest in the subject property perpetuating a fraud upon this court.

106. It is alleged that the Trustee Deed upon Sale is void since NDEX lacked the authority to conduct the non-judicial trustee sale and no court ever authorized NDEX to serve as trustee on any of the obligations encumbering the subject property.

107. It is alleged that US Bank did not pay any money to NDEX as consideration for the Trustee Deed upon Sale from NDEX.

108. It is alleged and believed NDEX was paid for collection of debts, its servicing fees for processing the non-judicial foreclosure, preparing the sale notice, and the Trustee's Deed upon Sale.

109. It is alleged and believed, it would be inequitable to require Plaintiff to pay US Bank a substantial sum to buy back Plaintiff's own property.

110. Plaintiff is able and willing to offer tender by paying the actual owner of the underlying obligation(s) the fair market value of said property as determined by this Court.

## SIXTH CLAIM FOR RELIEF
## [As to NDEX]
## [FDCPA]

111. Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 110, inclusive, as though set forth at length herein.

112. At all times relevant, NDEX was the debt collector, as that term is used in The *Fair Debt Collection Practices Act* (*FDCPA*).

113. NDEX was hired for the specific purpose of collecting on the

1
2
obligation.  The principal business of NDEX is to collect debts which are secured by Deeds of Trust on Real Estate in California.

3
4
5
6
114.  15 USC 1692(a) required NDEX to send Plaintiff a validation notice. This notice was required to identify the actual creditor [i.e. the actual owner of the obligation] and provide an accurate statement of the full amount due as of the date of the notice.

7
8
115.  NDEX breached this obligation and never provided the notice required by this provision of law.

9
10
11
12
116.  NDEX also recorded a Notice of Default which sought collection of interest, charges, and expenses which were not explicitly authorized by both the underlying obligation and by California law.  Seeking to collect such excessive amounts is a violation of 15 USC 1692f (1).

13
14
15
117.  NDEX also engaged in false and misleading representations by asserting it was acting on behalf of the actual owners of the underlying note. Such false and misleading misrepresentations violate 15 USC 1692(e).

16
17
18
118.  On information and belief, Plaintiff alleges that neither NDEX nor US Bank had ownership of the actual note between Plaintiff and Reunion Mortgage Inc.

19
20
21
22
23
24
25
119.  Plaintiff was harmed and damaged by said FDCPA violations of defendants.  These damages include the statutory damages provided in 15 USC 1692k (a) together with their actual damages, costs and attorney fees.  The actual damages are the loss of title to her home since she was deprived of the ability to seek a workout with the actual owner of the underlying obligation, and Plaintiff lost the ability to reinstate the loan without payment of unlawful fees, charges and costs.

26
27
//
28

## SEVENTH CLAIM FOR RELIEF
### [As to All Defendants]
### [Wrongful Trustee Sale]

120.   Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 119, inclusive, as though set forth at length herein.

121.   NDEX wrongfully permitted US Bank to make a credit bid at the trustee sale, despite the fact that this bidder was not the owner of the note or deed of trust which formed the basis for the trustee sale.

122.   It is alleged and believed that NDEX refused to afford any other bidder this privilege of making credit bids, and thus, US Bank acquired the valuable property of Plaintiff essentially for free.

123.   It is alleged that US Bank and NDEX breached their legal obligations to conduct a fair trustee sale.

124.   Upon information and belief, Plaintiff alleges that NDEX conspired with US Bank to deprive Plaintiff of her property without just cause and contrary to law, and such wrongful conduct caused substantial harm to Plaintiff as summarized above.

## EIGHTH CLAIM FOR RELIEF
### [As to Defendant US Bank]
### [Quiet Title]

125.   Plaintiff re-alleges and incorporate the allegations contained in paragraphs 1 through 124, inclusive, as though set forth at length herein.

126.   Plaintiff refinanced the subject property as part of her marriage dissolution and or about November 24, 2006 with Reunion Mortgage Inc. ("Reunion") such transaction included a purported promissory note ('hereinafter "Note") in favor of a "Reunion" and a purported deed of trust (hereinafter "DOT") as **Orange County Instrument 2006000815835.**

127.   Therefore, Plaintiff is and at all times mentioned herein the owner of

real property located at <u>10231 Kenmore Street, Anaheim, California</u> (hereinafter referred to as "SUBJECT PROPERTY") and more particularly described as:

**LOT 70, OF TRACT NO. 3104, IN THE CITY OF STANTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 92, PAGE(S) 46 AND 47, OF MISCELLENEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. PARCEL NUMBER: 126-345-12.**

128.  Plaintiff is the true owner of the subject property as refinanced with Reunion Mortgage Inc. in November 24, 2006.

129.  Only Reunion Mortgage Inc. had the power to substitute trustees on the deed of trust recorded against the property.

130.  On information and belief, Plaintiff alleges that Reunion Mortgage Inc. never conveyed this right or any other interest in the note or deed of trust to US Bank.

131.  Upon information and belief derived from the fact that Plaintiff never received any notice of the change in the trustee, servicer of the obligation under Real Estate Settlement Procedure Act [RESPA 12 USC § 2600 et.seq.], or change in creditor under 15 U.S.C. § 1641.

132.  The deed of trust provides that Reunion Mortgage Inc. will comply with all the obligations of RESPA. These obligations pre-empt and supersede any contrary provisions of California law which are less favorable to the borrowers related to the substitution of trustees on deed of trust. However, the loans were made in California. Thus, US Bank is also required to comply with provisions of California law that are more favorable to the borrowers than the provisions of RESPA.

133.  Plaintiff is able and willing to offer tender by paying the actual owner of the underlying obligation(s) the fair market value of said property as

determined by this Court.

134.  For all of the reasons as set forth above, Plaintiff is entitled to a decree of Quiet Title confirming her fee simple interest in the subject property as of the date on the deed prepared on November 24, 2006.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court determines the nature and extent and validity of Defendants' interest in the real property located at 10231 Kenmore Street, Anaheim, California;

2. That the Court determines that the amount of the lien secured by the Reunion Deed of Trust is zero;

3. That the Court determines that the Trustee Deed claim owed by US Bank is null and void;

4. For attorney fees and costs of suit incurred herein; and,

5. For such other and further relief as the court deems just and proper.

6. That the Court determines that the Trustee Deed claim owed by US Bank is null and void;

7. For such other and further relief as the court deems just and proper.

8. For an order canceling the Trustee Deed which purportedly conveyed the subject property to Defendant;

9. For an order confirming Plaintiff as the true fee simple absolute owner of the subject property;

10. For statutory damages for all FDCPA and TILA violations.

11. For general damages for all FDCPA and TILA violations;

12. For reasonable attorney fees and costs of suit incurred herein as provided by FDCPA and RESPA; and, for such other and further relief as the court

1 | deems just and proper.

2 | DATED: April 14, 2011

Respectfully Submitted;

Gary Harre
Attorney for Debtors

8 | I verify that the foregoing Adversary Complaint has been reviewed by me; and
9 | that the allegations therein are true and correct to the best of my knowledge,
10 | information, and belief. I declare under penalty of perjury that the foregoing is
11 | true and correct. Executed in Fountain Valley, California on April 14, 2011.

Kim To Ta